*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS CIESLIGA,

Plaintiff-Appellant,

UNPUBLISHED
May 28, 2020

v

No. 345755
Oakland Circuit Court
LC No. 2017-161686-NO

KIWI HOSPITALITY DETROIT, LLC,

Defendant-Appellee.

Before: RIORDAN, P.J., and Jansen and STEPHENS, JJ.

STEPHENS, J. (*concurring in part and dissenting in part*).

I agree to affirm the trial court's grant of summary disposition in favor of defendant on plaintiff's common work area claim, but disagree with the majority's analysis of plaintiff's premises liability claim. Because I find that genuine issues of material fact exist, I would reverse and remand.

In granting summary disposition in favor of defendant, the trial court concluded that the carpet's condition was an open and obvious danger. The trial court expressly pointed to a photograph of the incident area provided by plaintiff as proof that the carpet's danger was open and obvious. The photograph showed a ripped carpet next to an open doorway, which, the trial court concluded, showed the danger was open and obvious. However, during the depositions of plaintiff and of his son, Mark Ciesliga, each man testified that the picture depicted the state of the carpet after plaintiff's fall. Plaintiff further testified that while the carpet was bunched up in other places throughout the vacant hotel, the carpet at the place of his fall was not in that state. Additionally, both men provided testimony that the hallway where the injury occurred was littered with tools, presumptively from other workers. The defendant argues somewhat inconsistently that it was unaware of the condition of the carpet and alternatively that it did in fact warn the plaintiff of the danger by posting signs to keep workers out of the area. The presence of tools and other debris serves as evidence that the hallway was utilized during the renovation contrary to any warning. Further, while the defendant offered no evidence other than the picture to support the assertion that the condition that caused the fall was readily observable upon casual inspection, the plaintiff provided affirmative testimony that the tear was not present when the plaintiff traversed the hallway and fell.

-1-

Viewed in the light most favorable to the plaintiff, there is a material question of fact to be resolved by a jury. I find that the trial court erred in granting defendant summary judgment on plaintiff's premises liability claim, would reverse the trial court on this issue, and remand the matter for further proceedings.

/s/ Cynthia Diane Stephens